

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| ALLISON WHITNEY BARNES,<br>　　　　Plaintiff,<br>vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br>　　　　Defendant. | §<br>§<br>§　CIVIL ACTION NO. 6:16-3065-MGL-KFM<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS**

　　　　This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant's final decision denying Plaintiff's claims be affirmed.

　　　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 1, 2017, Plaintiff filed her objections on December 21, 2017, and Defendant filed her reply on January 4, 2018. The Court has reviewed Plaintiff's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed her application for DIB May 20, 2013, and her application for SSI on December 1, 2013. She contends her disability commenced on April 30, 2012. Defendant denied Plaintiff's application initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on February 6, 2015. On March17, 2015, the ALJ issued a decision holding Plaintiff was not disabled under the Social Security Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Plaintiff then filed an action for judicial review with this Court.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As

provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

It is Plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [Defendant] if his decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).

Plaintiff presents two specific objections to the Report. First, Plaintiff "objects to the Magistrate [Judge]'s [suggestion] the ALJ did not err in dismissing the opinions of her treating physician, Dr. Christopher Wimberly." Objections 1. The Court is unpersuaded.

3

Plaintiff states, "the ALJ did not claim that Dr. Wimberly's opinions were inaccurate, not credible, or not consistent with the record. He simply asserted that he had sufficiently considered Dr. Wimberly's opinions and that his [residual functional capacity (RFC)] that [Plaintiff] could perform low stress work, with some additional limitations, was consistent with those opinions." *Id* at 3. According to Plaintiff, "[t]his is not a correct interpretation of Dr. Wimberly's opinions; nor does the RFC adequately deal with [Plaintiff's] limitations." *Id* at 3-4.

It is beyond dispute Dr. Wimberly is Plaintiff's treating physician. According to 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2), a treating source's opinion on issues of the nature and severity of the impairments will be given controlling weight when well supported by medically acceptable clinical and laboratory diagnostic techniques and when the opinion is consistent with the other substantial evidence in the record. Conversely, however, it follows "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). The more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See* 20 C.F.R. § 404.1527(d)(4) (1998).

Plaintiff notes in her objections at least four times when Dr. Wimberly suggests she is a candidate for disability benefits: "he recommended she apply for disability[,]" *id.* at 3, "he advised her to continue with the disability process[,]" *id.*, "[h]e repeated this advice[,]" *id.*, and "Dr. Wimberly yet again opined that [Plaintiff] had severe work-related limitations consistent with disability[,]" *id.*

Of course, the ALJ, not the treating physician, is "responsible for making the determination or decision about whether [the plaintiff] meet[s] the statutory definition of disability. In so doing, [the ALJ] review[s] all of the medical findings and other evidence that support a medical source's statement that [the plaintiff is] disabled. A statement by a medical source that [the plaintiff is]

"disabled" or "unable to work" does not mean that [the ALJ] will determine that [the plaintiff is] disabled." 20 C.F.R. § 404.1527(d)(1).

The Court is of the firm opinion the ALJ appropriately considered all of Dr. Wimberly's statements regarding Plaintiff's impairments she raises in her objections, including: "a distractible thought process, . . . difficulty handling stressful situations[,] . . . [and] dealing with normal job related pressures[,] [being] incapable of dealing with normal job related pressures[,] . . . and [having] difficulty functioning consistently on a daily basis." Objections 4 (citations omitted) (internal quotation marks omitted) (emphasis omitted). As the Magistrate Judge noted,

> As to Dr. Wimberly's opinion that the plaintiff had a serious work-related limitation due to her mental condition and that she had difficulty with handling stressful situations and normal job related pressures, the ALJ limited the plaintiff to work in a low stress setting, no more than occasional changes in setting, no more than occasional decision making, no interaction with the general public, and no more than occasional interaction with coworkers and supervisors.

Report 23.

In other words, the ALJ accorded the proper weight due to Dr. Wimberly's medical opinions. As the ALJ opined, there is no conflict in Dr. Wimberly's statements concerning Plaintiff's alleged mental impairments and the restrictions he placed on Plaintiff's ability to work. A.R. 36.

Plaintiff seems to suggest the ALJ should have set forth a formulistic recitation of his consideration of the evidence so this Court can appropriately review his decision. But, "the ALJ is not required to address every piece of evidence[;] [instead,] he must . . . build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted). The Court is of the firm opinion he did just that. It is for these reasons the Court will overrule Plaintiff's first objection.

In Plaintiff's second objection, under a section she titles "Credibility," she "objects to the Magistrate [Judge]'s recommendation that the ALJ did not make negative findings about her lack

5

of treatment because of her inability to afford it." Objections 5. According to Plaintiff, "the record and testimony . . . reflects that [Plaintiff] received conservative treatment mostly because she was unable to afford anything else." *Id*. (citation omitted). The Court is unconvinced.

Plaintiff is correct in her assertion "[t]he fact alone that a claimant's treatment is characterized as 'conservative' or did not require hospitalization alone does not necessarily mean treatment was conservative and, thus, not indicative of a lack of severity." *Id*. She is also accurate in her contention "a claimant may not be penalized for failing to seek treatment she cannot afford because it flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because [she] is too poor to obtain medical treatment that may help [her]." *Id* at 6 (citation omitted) (internal quotation marks omitted).

The Court, however, is not presented here with a situation in which there is any suggestion Plaintiff required more aggressive treatment yet received conservative treatment based on an inability to pay. From the record, it appears the conservative nature of Plaintiff's treatment was sufficient to prevent her from being totally disabled. Because it is well established in this circuit the ALJ can consider the conservative nature of a plaintiff's treatment in making a credibility determination, *see Gross v. Heckler*, 785 F.2d 1163, 1165–66 (4th Cir. 1986), the Court holds there is substantial evidence in the record to support the ALJ's decision to take the conservative nature of Plaintiff's treatment into consideration in holding any claim of her being totally disabled to be incredible. Hence, the Court will overrule Plaintiff's second objection, too.

In sum, the Court holds there is substantial evidence to support the ALJ's conclusion Plaintiff was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error. Further, the determination is reasonable. Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules

Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendant's final decision denying Plaintiff's claims is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 8th day of January, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
